IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| SOURCE, INC. | § | |
| Vs. | § | CIVIL ACTION NO. 2:04-CV-347 |
| REWARDS NETWORK INC. | § | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Defendant Rewards Network, Inc.'s (hereinafter "Rewards") Motion to Transfer Venue. Having considered the parties' written submissions, the Court denies the motion.

**I.   Background**

On October 1, 2004, Plaintiff Source, Inc., (Hereinafter "Source") sued Rewards for allegedly infringing U.S. Patent No. 4,941,090 (the '090 patent), U.S. Patent No. 5,117,355 (the '355 patent), U.S. Patent No. 5,202,826 (the '826 patent), and U.S. Patent No. Re 36,116 (the '116 patent). Source claims that Rewards infringes the '090, '355, '826, and '166 patents by soliciting consumers through its sales network and website to become a member of Rewards Network's rebate and loyalty program. Source also claims that Rewards is utilizing and practicing the claimed inventions in the '090, '355, '826, and '166 patents. Source is a Delaware corporation with its principal place of business in Newhall, California. Rewards is a Delaware corporation with its principal place of business in Chicago, Illinois. Rewards moves this Court to transfer venue to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and in the interest of justice.

**II.     Applicable Law and Discussion**

Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It is within the sound discretion of the Court to decide to transfer venue. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). "In determining whether an action should be transferred under § 1404(a), the [C]ourt examines factors which fall into two groups: (1) those relating to the convenience of the litigants, and (2) those relating to the public interest in the fair and efficient administration of justice." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000) (quoting *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex.1999). However, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Schexnider. v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987); *see also HolyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999) ("A transfer of venue for the convenience of the parties normally requires that the court give great weight to the plaintiff's choice of forum and then weigh the convenience of both parties.").

The factors relating to the convenience of the litigants include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d at 203. The factors relating to the public interest in the fair and efficient administration of justice include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the

case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* No one factor is given dispositive weight, including the plaintiff's choice of forum. *Id.*; *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

### A. Plaintiff's Choice of Forum

Rewards cites *Robertson v. Kiamichi R.R. Co., L.L.C.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999), for the proposition that where a plaintiff does not reside in the chosen forum and the operative facts did not occur in the forum, the plaintiff's choice of forum carries little significance if other factors weigh in favor of transfer. Reward's reliance on *Robertson* is misplaced. In *Robertson*, the plaintiff sued the defendant for personal injuries under the Federal Employees Liability Act ("FELA"). Venue under FELA is proper in the federal district court "of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing the action." 45 U.S.C. § 56. The court in *Robertson* noted that while Kiamichi did a small amount of business in Texas, the plaintiff resided, worked, and suffered injury exclusively in Oklahoma. Thus, none of the operative facts underlying the lawsuit occurred in the Eastern District of Texas and the trial judge granted Kiamichi's motion to change venue.

In the present patent infringement case and unlike in *Robertson*, operative facts are alleged to have occurred in the Eastern District of Texas. Source alleges and Rewards admits that businesses in the Eastern District of Texas are part of the alleged infringing program. Therefore, *Robertson* notwithstanding, the plaintiff's choice of forum is a factor that weighs strongly against transfer.

### B. The Relative Ease of Access to Sources of Proof

Rewards asserts that a substantial portion of the documents and evidence relating to research, development, testing, and marketing of products are located in Illinois and that there is no indication

that Source's relevant documents and evidence are located in Texas. Source does not dispute Rewards' assertion and thus this factor weighs in favor of Rewards. However, this factor weighs only slightly in Rewards' favor since "new technologies for storing and transmitting information [make] the burden of gathering and transmitting documents 3,000 miles . . . not significantly more than it is to transport them 30 miles." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 656, 571 (D. Del. 2001).

### C. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Rewards does not allege any difficulty with obtaining compulsory process to secure the attendance of third-party witnesses. Therefore, this factor does not support a transfer.

### D. The Cost of Attendance For Willing Witnesses

Rewards asserts that transferring the case to Illinois would reduce its cost of procuring witnesses since Rewards is headquartered in Chicago and it anticipates calling as witnesses company officers, directors, and other employees who have knowledge relevant to the issues in this suit. Rewards also argues that Source will not be inconvenienced by a transfer since its employees will have to travel from California regardless of venue. The witnesses referenced by Reward are party witnesses with the exception of the inventor of the patent-in-suit. Rewards asserts that courts weigh the convenience of party witnesses as a factor and cites *Shoemake v. Union Pac. R.R.Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002), and *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 678 (E.D. Tex. 2001) as examples. While Rewards' assertion is correct, "the convenience of nonparty witnesses is accorded greater weight than that of party witnesses." *Shoemake*, 233 F. Supp. 2d at 832 (E.D. Tex. 2002). The Court is also mindful that in many patent infringement lawsuits, proof of liability and damage is driven by expert testimony. Experts routinely travel to trial and, therefore,

this factor favors Rewards only slightly, if at all.

### E. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive

Rewards cites no other problems related to the convenience of the litigants.

### F. Administrative Difficulties Flowing from Court Congestion

Rewards cites articles in the *National Law Journal* and *Texas Lawyer* discussing the increasing number of patent infringement cases in the Eastern District of Texas and a potential resulting "backlog." The Court is aware of its own docket and ability to manage cases promptly and efficiently. This factor does not weight in favor of either party.

### G. Local Interest in Having Localized Interests Decided at Home

Rewards asserts that this District has a limited local interest resolving this case because none of the operative facts underlying the lawsuit occurred in the District. As previously discussed, Rewards' assertion is mistaken since Rewards admits that businesses in the Eastern District of Texas are part of the alleged infringing program. While alleged infringing acts undoubtedly occurred in the Northern District of Illinois due to the location of Rewards' principal place of business in Chicago and the national scope of its program, this District has an interest in enforcing United States patent laws in its jurisdiction. Therefore, this factor favors Source.

### H. Familiarity of the Forum With the Law That Will Govern the Case

This Court is very familiar with the United States patent laws that will govern this case. *See Maxma v. ConocoPhillips, Inc.*, No. 2:03-CV-421, 2005 WL 1690611, (E.D. Tex. July 19, 2005). This factor favors Source.

### I. Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law

Since this suit is governed exclusively by federal patent law, this factor is inapplicable.

### III.    Conclusion

After considering all the listed factors, this Court DENIES Rewards' Motion to Transfer Venue.  Rewards has not been able to rebut the strong presumption in favor of Source's choice of forum.

SIGNED this 27th day of September, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE